11-7

MC-275

Name    MARIO,WILLIAMS J-98382

Address    P.O BOX 7500 CRESENT CITY,CA

95532 P.B.S.P 117-low MF

FILED

E-filing MAR 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CDC or ID Number   J-98382

CALIFORNIA SUPREME COURT

300 S. Spring Street Floor 2 Los Angeles,ca

90013-1233     (Court)

PETITION FOR WRIT OF HABEAS CORPUS

WHA

(PR)

RECEIVED

MARIO,WILLIAMS

Petitioner

vs.

ROBERT, A, HOREL WARDEN

Respondent

No. _07-80213_

(To be supplied by the Clerk of the Court)

RECEIVED

MAR 2  2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code § 1473 et seq.
Cal. Rules of Court, rule 60(a)

**This petition concerns:**

[X] A conviction                    [ ] Parole

[ ] A sentence                      [ ] Credits

[ ] Jail or prison conditions       [ ] Prison discipline

[ ] Other (specify): _____

1. Your name: __MARIO,WILLIAMS_____

2. Where are you incarcerated? PELICAN BAY STATE PRISON

3. Why are you in custody?  [X]  Criminal Conviction   [ ]  Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   CNT 1 HS SEC 11352 (A) SELL TRANSPRT CONTRL SUBSTANCE

   ENHANCEMENTS 11370.2 (A) HS 667.5(B) PC 667.5(B) PC 667.5(B) PC

   b. Penal or other code sections: _____

   c. Name and location of sentencing or committing court:  SAN FERNANDO LOS ANGELES, NORTH VALLY

   DISTRICT SUPERIOR COURT

   d. Case number:  PA050223

   e. Date convicted or committed:  6-22-05

   f. Date sentenced:  6-22-05

   g. Length of sentence:  9 Years

   h. When do you expect to be released?  7-25-09

   i. Were you represented by counsel in the trial court?  [X] Yes.   [ ] No. If yes, state the attorney's name and address:

   M. LA VALLY BAR PANEL ATTY 205 S. BROADWAY, SUITE 902 LOS ANGELES,CA 90012

4. What was the LAST plea you entered? *(check one)*

   [X] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [ ] Jury  [X] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

11-12.3

8. Did you appeal from the conviction, sentence, or commitment?    [X] Yes.    [ ] No.  If yes, give the following information:

a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

___ COURT OF APPEALS SECOND APPELLATE DIST DIV- 7 _____

b.  Result  DENIED _____  c.  Date of decision:  5-31-07 _____

d.  Case number or citation of opinion, if known:  PA050223 _____

e.  Issues raised:  (1) ___ INEFFECTIVE ASSISTANCE OF COUNSEL _____

(2)  PROSECUTION MISCONDUCT _____

(3)  INSUFFICIENT EVIDENCE _____

f.  Were you represented by counsel on appeal?  [ ] Yes.  [X] No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court?  [ ] Yes  [x] No.  If yes, give the following information:

a.  Result _____  b.  Date of decision: _____

c.  Case number or citation of opinion, if known: _____

d.  Issues raised:  (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

INEFFECTIVE ASSISTANCE OF APPEALS ATTORNEY    INSIDE THE RECORD AND OUTSIDE

THE RECORD.

11. Administrative Review:

a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.  Did you seek the highest level of administrative review available?  [ ] Yes.  [ ] No.

Attach documents that show you have exhausted your administrative remedies.

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?  ☒ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a. (1) Name of court: ___SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY LOS ANGELES___

  (2) Nature of proceeding (for example, "habeas corpus petition"): WRIT HABEAS CORPUS

  (3) Issues raised: (a) ___INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL & APPEALS ATTY.___

   (b) ___INSUFFICIENCT EVIDENCE TO SUSTAIN A CONVICTION(C) PROSECUTION MISCO___

  (4) Result (Attach order or explain why unavailable): DENIED

  (5) Date of decision: ___4-27-07___

 b. (1) Name of court: ___COURT OF APEALS OF THE STATE OF CALIFORNIA SECOND APPELLATE___

  (2) Nature of proceeding: WRIT HABEAS CORPUS

  (3) Issues raised: (a) ___INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL & APPEALS ATTY.___

   (b) ___INSUFFICIENCT EVIDENCE TO SUSTAIN A CONVICTION (C) PROSECUTION MISCO___

  (4) Result (Attach order or explain why unavailable): DENIED

  (5) Date of decision: ___5-31-07___

 c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
SUPERIOR COURT OF CALIFORNIA LA COUNTY HEARING DATE 3-21-07 PETITION DENIED WRit Habcu
SECOND APPELLATE DISTRICT DIVISION SEVEN STATE OF CALIFORNIA PETITION DENIED WRit Habeas
DATE 5-31-07

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and a those matters, I believe them to be true.

Date: 6/19/07

▶ Mario Willcams
       (SIGNATURE OF PETITIONER)

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Petitioner was denied effetive assistance of counsel.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

( Counsel failed to prepare an adequate defence. )Before trial, Petitioner asked counsel

if he was prepared, and what was his defencse strategy. Counsel stated that he, and

co-defendant's counsel, were going to present an argument against the witness,BIANCA,

that it was she that gave the money to co-defendant VALUENZUELA,and that she made the

transaction. This issue, involving BIANCA,was never argued during the course of the

trial, nor did the issue,of BIANCA pertain to petitioner. The court recognized a

CRAWFORD-V- WASHINGTON(2004) U.S. 124 S.Ct.1354,limiting Ms. Ortiz's testimony to the

co-defendant VALENZUELA'S case. Petitioner's counsel rested without petitioner's

testimony, or calling any witnesses. Counsel did not function as promised,nor did he

perform to dutiful & lawful obligations, and deprived defendant of a right to effective

assistance of counsel simply by failing to render adequate legal assistance.

Counsel failed to obtain PITCHESS material prior to commencement of suppression hearing.

Thus depriving petition an opportunity to call witnesses for purposes of impeachment

con't

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

U.S Const Amend 6. Adams v.Balkom F.2nd 734 1982. Stricklandv.Washington supra

466 u.s at p. 691-692 (80 Led 2d at p. 695 696. Peopley'Ledesma, supra 43 cal 3d

at p. 271-218. People v.Vest (1974) , 43 cal App. 3d p.728 736. .... In re Williams

supra 1 cal. 3d at p. 175. In re Saunders (1970) 2nd cal. 3rd 1033,1042.

SUPPORTING FACTS con't from 'three of six'.

1  .and to challenge credibiliity of prosecution witnesses.

2  When petitioner requested PITCHESS Motion, counsel denied petitioner's

3  request and stated that petitioner's co-defendant's counsel had everything

4  ready to proceed. THIS incident alone, portrays the conduct & action. suffered

5  by the petitioner through out the entire trial. Additionally, during the course

6  of the trial, when the District Attorney had discovered untruthfulness of a

7  prosecutuions's witness, Officer RUBACALVA, counsel failed to oject or motion

8  to the court to strike this witnesses testimony, which was critical against

9  petitioner defense. In all counsel relied upon co-defends Attorney for his

10  defence & Investigation.

11  OMISSIONS & Arguments

12  (1) Counsel failed to attack the credibility of the prosecutions witnesses

13  failed to challenge competency of witness tactical matter. peopleV. Ledesma

14  cal 3rd 171.

15  (2) Counsel failed to subpoena the criminalist for cross-examination regarding

16  Validity of testing process, what or who validitated the data showing presence

17  of cocaine. see people v. Kelly Frye (1976) 17 cal 3rd 24, 30, 130, 3 prouns

18  Kelly Rule. Testimony must be given by properly qualified expert.See expert

19  Testimony cal expert witness guide 2nd ed cal led (1991) cal criminal pro

20  31.31. The parties who stipulated are not qualified experts . With out

21  an experts opinion & Testimony to understand the evidence or to determine

22  a fact in issue,or assist the trier of fact, the evidence is insufficient.

23  -See: people v. MARVIN LEE ADAMS 220 cal app 3rd 680.

24  (3) Counsel failed to adequately investigate the sufficiency of evidence,

25  the nature of cocaine, nor was there any pretrial investigation, by stipulating

26  that the evidence was cocaine which was only investigated by the L.A.P.D.

27  criminalist whom counsel failed to supeona for cross- examination,  con't

Con't from 'three of six

1  reguarding authenticity of the report.Upon mentioning this to counsel

2  petitioner ask counsel were the court or him going to supeona this criminalist,

3  counsel stated "Idont   know, they're suppose too.This depriving petitioner

4  effective assistance, and a fair trial.

5  counsel failed to conduct an adequate pretrial investigation. In fact,

6  counsel can not provide a single document from this criminalist who works with

7  the L.A.P.D TO indicate he undertook any investigation at all.

8  SEE, Inre WILLIAMS supra 1 cal 3rd at p. 175.

9  A criminal Defense Attorney have a duty to investigate carefully all defense

10  of fact and law that may be available to the defendant.

11  (4) Counsel failed to prepare a line of question that would have given counsel

12  a opportunity to exspose a defect in the criminalist lab report,which again

13  deprive petitioner effetive assistance, and a fair trial.

14  In addition to counsels omission, counsel failed to object to the criminalist
                                              FAiLed
15  report. Admission of laboratory report without criminalist testimony violates

16  Due process, right to confrontation sixth amendment. Counsels stipulation with

17  prosecution at this critical stage in the trial proceeding,failure to suject

18  the prosecutions case to meaningful adversarial testing is denial of the sixth

19  Amendment right which makes the adversary process presumptively unreliable.

20  SEE . Harrison p. chonic 80 1.ed 2nd p.657.

21  (5) Counsel, during trial proceeding's failed to impeach any of the prosecution's

22  witnesses whose statements were inconsistent.

23  (6) Counsel failed to object to the addmission of the criminalist report which

24  unconstitutionally relieved the prosecution of the burden of proof on an essentia

25  l element in this case.

26  (7) Counsel failed to interpose appropriate objections to form a content of

27  question, as well as any objectionable response to those questions. Con't....



4

1   ℂ 9) Counsel failed to make use of the evidence and leadss contain in a

2   prelim hearing argued by petitioner's original public defender.

3   Counsel's inadequacy in preparung & providing a defensive strategy,and

4   failure to understand basic prodedural requirements, his service falls outside

5   the rainge of competancy expected of a criminal defense attorney. An attorney

6   does not provide effective assistance if he fails to investigate sources of

7   evidence which may be helpful to the defense. The evidence was said to be

8   Insufficienct argued by original public defender.  Concerning Bianca.

9   In genernal, had counsel better Prepared for trial,made an adequate investigatidn

10  an chose his own defense strategy and tatics the outcome would have been

11  deferent. Defense strategy and tatics which lawyer's of ordinary training

12  and skill in the criminal law would not consider competent deny a criminal

13  defendant the effective assistance of counsel if some other action would have better

14  protected a defendant and was reasonably foreseable as such before trial"

15  SEE Bealsey v. united states (6th cir 1974) 491 F.2nd p.687 696.

16  Appellant shows prejudice when there is a reasonable probability that but for

17  counsel's omission's the result of the proceeding would have been different.

18  A reasonable probability is a probability sufficient to undermine confidence

19  in the outcome" (Strickland v. washington, supra 466 u.s at pp. 691-692

20  (80 l.ed 2d at pp.695-696. In re sixco 1989 48 cal 3d 1247-1257.

21  Defence counsel must make a rational and informed decision on strategy and

22  tactics founded upon adequate investigation and preparation before making

23  a decision to act or not to act( In re Fields supra 51 cal 3rd at p.1069.

24  People v. Ledesma supra 43 cal 3rd at p. 215. In petition case trial counsel could

25  have no tatical reason to refrain from objecting to the criminalist report

26  without scrutinizing the the report, nature of tests performed.Counsel stated in

27  a phone conversation on or about 9-16-06 that he did not investigate this
    criminalist report.

1    (10) Failure to prepare for trial.

2  Petitioner argues that counsel MAL VALLY, was not prepare to proceed to trail

3  and was unable to Adequately represent him during the trial proceeding.

4  Thus depriving petitioner of a right to effective assistance and a fair trial.

5  Petitioner Acknowledge that trial tactics are usually left to the discretion

6  of trial counsel. In re cudjo supra 20 cal 4th at p. 692.

7  In re Jones, supra 13 cal 4th at p. 565. However, the reasonableness of a

8  tactical decision invites scutiny as to weather the decision was an informed

9  one this is weather it was preceeded by adequate investigation and preparation.

10  See Inre Viscott supra 14 cal 4th at p.348.

11  See Inre Vargas 83 cal app 4th p. 1125.

12  These issues in addition to petitioners writ are to be considered also:

13  Issues pretaining to counsel's failure to object to the criminalst report.

14  failure to object to proscution misconduct , and failure to object to

15  false testimony,doe;s not preclude the appellate court from considering these

16  Issues raised in petitioner's case. The court retains discretion to reach

17  an error even in the absense of an ojection. People v. williams (1998)

18  17 cal.4th 148,161,162, People v. Abbaszadeh (2003) 106 cal app. 4th 642,648,

19  649. The fact that a party by failing to raise an issue, may forfeit the right

20  to raise the issue on appeal doe's not mean that any appellate court is precluded

21  from considering the Issue. Id. at p.69 quoting 6 Witkin & Epstein, cal criminal

22  law, ( 3rd ed 2000) Reversible Error, § 36,p.497; see also pen code § 1469)

23  (Original emphasis).A reviewing court may elect to exercise its discretion

24  where " the shocking nature of the error ..../ renders/ the trial unfair.

25  People v. Abbaszadeh, supra. 106 cal.app 4th at p.648.

26

27


OURT PAPER
TATE OF CALIFORNIA
TD. 113 (REV. 3-95)
SP 98 10924

1  Counsel's incompetancy in regard to Officer's RUBACALVA and Officer Curry
2  testimony was so complete that when the state prosecutor, and the co-defendant's
3  Attorney motion to srike the testimony of Officer RUBACALVA, counsel failed to
4  motion to strike the officer's testimoy, object, or question this officer
5  regarding his line of testimony which was critical against his client.

6  (EFFECTIVE)– Counsel required by Due Process is not errorless counsel; rather
7  it is Counsel" reasonably likely to render, and rendering reasonably effective
8  assistance, SEE. MACKENNA V. ELLIS 5th cir 1960) 280 f.2d 592,599, modified
9  289 F.2d 928.SEE. BRUBAKER V.DICKSON (9th cir 1962) 310 F.2nd 30,37.
10 SEE. People v. MCDOWELL (1968) 69 cal. 2d 737, 748. IN RE WILLIAMS (1969)
11 1 cal, 3d 168,176, however, deferential scrutiny does not mean that counsel's
12 performance is insulated from meaningful scrutiny.( INre Fields, supra,
13 51 cal 3d at p. 1070. SEE also People V. KARIS (1988) 46 cal 3d 612,621.
14 A review of Fifth circuit law Indicates that this courts methodology
15 involves an inquiry into the Actual performance of counsel in conducting
16 the defence, and a determination whether reasonably effective Assistance
17 was rendered based on the totality of the circumstances and the entire
18 record. US V AUTEN 632 F.2d 482.

19 The right to reasonably competent counsel imposes a correlative duty on defen
20 ce counsel to undertake reasonable steps to investigate all Avenues of
21 defence.SEE. WOOD V. ZAHRADNICK P.980,982 (4th cir 1978).This principle
22 is so fundamental that the failure to conduct a reasonable pretrial
23 investigation may itself amount to ineffective assistance of counsel.
24 SEE. MCQUEEN V. SWENSON, 498 f.2nd p. 207,217 ( 8th cir 1974).
25 Effective investigation by counsel has an important bearing on competent
26 representation at trial.For without adequate investigtion, counsel is not
27 in position to make the best use of such mechanisms as cross–examination or
   impeachment of adverse witnesses at trial.

1   Counsel's stipulation with the prosecution,without Investigating the facts

2   in the report is indeed ineffective assistance. Failure to Investigate;

3   Which render the trial unfair. Who is there to say weather the criminalist

4   report recorded simply the objective results of a routine test or weather

5   it was dependent upon some subjective evaluation.Thus issue brakes the

6   consistient chain of events. Counsel's failure to challenge the prosecution

7   and his wittness to prove the elements above in question is prejudice,and

8   it proves that counsel was inefective, and unprepared.

9   SEE. People ···V. Scheid (1997) 16 cal 4th **1**,17,65 cr 2d 348

10  (11) Counsel failed to prepare his ciients defence competently under the

11  most tolerant standard of evaluation. SEE. ADAMS V. BALKCOM  688 F.2d at 740.

12  (12) Counsel was ineffective by failing to Adequately prepare for trial

13  and consequently in conducting trail. SEE. US V. ROBERT E. TUCKER FED REPORTE

14  /R, 2d series 716.MAL VALLY,Attorney in this case was not prepared,his

15  decision to proceed was influenced by co-defendants attorney.Counsel stated

16  before trail that he wish to waive more time,he was'nt ready to proceed.

17  Co-defendant counsel stated she was ready to proceed,and that the issue

18  between them ;both Attorneys may creat a conflict.Petition was influenced

19  by both attorneys to trial the case without a jury deciding the facts.

20  Concerning Stipulation: An offer to stipulate to an element of a crime or

21  an Affiremative defence by a party does not necessarily preclude the party

22  with the burden from presenting evidence of facts that prove the element in

23  question. (SEE) Peopl V. SCHEID 1997 16 c 4th 1,17,65 cr 2d 348.

24  SEE. People V. ARIES (1996) 13 C4th 92, 131, 51 CR 2d 770.

25  SEE. Samuel Winship 397 US 358 LED 2d 368 7. Constitutional Law 840.3

26  DUE PROCESS,Criminal conviction-Reasonable- dought standard. The Due process

27  clause protects an accused against conviction except upon every fact necessary

to constitute the crime with which petitioner is charged.

1   Petitioer do beleive as an opinion;Counsel's stipulation was made to save
2   time,and was a abandenment at a critical stage during the trail proceeding
3   (13) Counsel failed to prepare any questions in regard to this expert from
4   the Los Angeles police department.Counsel stated to petition that he had
5   more serious"cases to attend.

6   Petition would like to state for the record in this writ: The dicision
7   to trail the case by judge"was ineffective assistance" fore the judge stated
8   to both attorneys that they"would not win"there case.I petitioner explained
9   these statments to my attorney who convenienceme that the judge would be fair
10  but later around 6-21-06 during the middle of the trial proceeding counsel
11  stated before trial ended, that the judge was" going to find this petitioer
12  guilty. petitioner opinion is that counsel because of his age 92" lacked
13  convidence in his ability:toTrial the cased by judge.or jury.
14  Certain defence strategies may be so ill" chosing as to render counsel's
15  overall representation constitutionally defective. U.S CONST AMENDMENT 6.
16  SEE. ADAMS V. BALKOM F.2d 734 (1982).

17   Reviewing courts should avoid second-guessing counsel's informed choices
18  amoung tactical alternatives but a defense attorney's freedom to make such
19  decisions is not without limits". (PEOPLE V. POPE, 1979) 23 cal 3d 412, 425,
20  Every person Accused of a criminal offence is entitled to Constitutionally
21  Adequate legal assistance.(Ibid)

22  Defence strategy and tatics which lawyer's of ordinary training and skill in
23  the criminal law would not consider competent deny a criminal defendant the
24  effective assistance of counsel if some other action would have better
25  protected a defendant and was reasonable foreseeable as such before trial"
26  SEE. BEALSEY V. UNITED STATES (6th cir 1974) 491 F.2d 687 696.

27  PETITIONER WOULD LIKE TO STATE: FOR ALL THEE ABOVE OMISSIONS PETITIONER WAS
    DENIED ADQUATE EFFECTIVE ASSISTANCE OF COUNSEL,REQUIRED BY DUE PROCESS AMEND
    6th.


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1   This petitioner would like to state for the record in this writ.
    Co-defendant's attorney made objections wile petitioner counsel attemped
2
    to cross-examine the prosecutions witnesses. Those objection were made an
3
4   directed toward petitioners attorney.Thus interfereingm: with petitioners counsel
5   tactics,and strategy.SEE. STICKLAND V. WASHINGTON, P.676 80 LED :2d
6   Criminal Law 46.4- Counsel interference. Government Voilate the right to
7   Effective assistance of counsel when it interferes in certain ways with the
8   abitiy of counsel to make independent decision about how to conduct the defence.
9   SEE.US V. CRONICANTE AT 659 & 25. 80 Led 2d 657 682.

10  The proper standard for judging Attorney performance is that of reasonable
11  effective assistance,considering all the circumstances. p.695In any ineffective-
12  ness case,a particular decision not to investigate must be direcly assessed
13  for reasonableness in all the circumstanceses Applying a heavy measure of
14  deference to counsel's judgments.p. Six Amendment guaranty of Assistance of
15  counsel- ethical & practical limitations. HARRISON P. CHONIC.80 Led 2d p.657
16  at thesame time, even when no theory of defense is Available, if the decision
17  to stand trial has been made counsel must hold a prosecution to its heavy burden
18  of proof beyond a reasonable doubt. Criminal law 46.6 Denial of counsel.
19  Inherent unfairness.The presumption that counsel's assistance is essential
20  requires the conclusion that a trial is ufair if the accuse is denied counsel
21  at a critical stage of his trial similarly, if the attorney entirely fails
22  to subject the Prosecution's case to meaningful Adversarial testing then there
23  has been a denial of the Six Amendment right that makes the Adversary process
24  itself presumptively unreliable.

25  Co-defendants attorney interfered with petitioner's counsel during jury
26  Introduction before the dicision to trial the case by judge,and during the
27  trail proceeding.which voilates the right to effective assistance of counsel.



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1   FOR THE FOREGOING REASON'S PETITIONER REQUESTS THAT HIS CONVICTIONBE

2   SET ASIDE, AND PETITIONER BE GRANTED A NEW TRIAL.

3   HAD PETITIONER BEEN GRANTED EFFECTIVE ASSISTANCE COUNSEL'S DILIGENCE AND

4   ACTIVE PARTICIPATION DUE FROM THE FEDERAL SIX AMENDMENT RIGHT TO COUNSEL

5   THE OUT COME OF THE TRAIL WOULD BEEN DEFFERNT.

6                                        SIN, PETITIONER,

7                                        MARIO,WILLIAMS.

8                                        TRIAL COURT. PA 050223

9                                        HONORABLE HARVEY GISS,JUDGE PRESIDING.

10

11

12   NOTE: PETITIONER IN THE ABOVE CASE WAS NOT PROVIDED WITH THE COURT TRANSCRIPS

13   TO PROVE ALL OF THEE ABOVE ARGUEMENTS,AND OMISSION'S SET ABOVE,UPON REQUEST

     FROM APPELLANT ATTORNEY. JAMES KOSTER (SBN 205826) 3055 wilshare BLVD,

14   TWELFTH FLOOR LOS ANGELES, CA 90010. (213) 388-4952.

15

16   GROUNDS FOUND SUFFICIENT TO REQUIRE REVERSAL.
     INEFFECTIVE REPRESENTATION ON APPEAL

17   IN RE BANKS (1971) 4 c3rd 33/,93 cr 5911

18   FIALURE TO INVESTIGATE ADEQUATELY (PEOPLEVMINOR

19   (1980 104 ca3d 194 200,163 cr 501,504.

20   COUNSELS FAILURE TO RAISE ANY ARGUABLE ISSUES IN APPELLATE

21   BRIEF WAS INEFFECTIVE ASSISTANCE SEE. BANKS V. REYNOLD 54 F.3rd

22   1508 1515-16 (10th cir 1995.

23

24

25

26

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

7. **Ground 2 or Ground** _____ (if applicable):

PETITIONER CLAIM THE EVIDENCE IN ]THIS

MATTER IS INSUFFICIENT TO SUSTAIN A CONVICTION.

a. Supporting facts:

PETITIONER WOULD LIKE TO STATE FOR THE RECORD THAT THIS CASE WAS

IN NEED OF TESTIMONY REGUARDING SCIENTIFIC TECHICAL OR OTHER SPECIALIZED KNOWLEDG

E TO ASSIST THE TRIER OF FACT TO UNDERSTAND THE NATURE OF THIS EVIDENCE.

TO DETERMINE A FACT IN ISSUE. Did this cocain come from a synthetic nature?

WHAT WAS THE  INGREDIENTS FOUND TO DETERMINE THIS FACT? Concerning stipulation

did counsel stipulate to the weight of this matter? Counsel did state at a intervi

ew that what ever this officer received may just be baken soda an or bunk.

He also stated that he did not investigate the issues which is his duty as a

attorney at law. later during a phone conversation after petitioner was convicted.

Still the question to what ever it was remain. What percentage and nature of

of this substance was involved? Did this cocain come from a synthetic nature?

Who validate this testing process ,and where in the record does it show.

Truth to this matter is there is'nt recording of any test performed nor

scientific truth to prove that what ever this was,was scientifically proving

to be cocaine. Therfore :s Evidence is Insufficient and unproven.

GENENALLY EVIDENCE PROVING AN ELEMENT OF THE OFFENCE IS ADMISSIBLE EVEN WHERE

THE DEFENCE OFFERS TO STIPULATE TO THE EXISTENCE OF THE ELEMENT. THE DEFENCE CAN

NOT STIPULATE AWAY EVIDENCE BY STIPULATING AWAY ISSUES Ibid. (CONT)

b. Supporting cases, rules, or other authority:    SEE: PEOPLE V. THORNTON SUPRA AT P. 49

SEE: CAL CRIMINAL LAW PROCURE SEVENTH EDITION P.3124

SEE: STATE V. WILLIAMS 388 at 2d 500 (1998)

SEE: UNITE STATES V. WILLIAMS 583 F.2d 1194 2d cir 1978 Evid ST FED P.23

SEE: LEDESM, SUPRA,AT P. 215. SEE: PEOPLE V. SCHEID 1997 16 4th p.1,17,65 CR 2d 348.

SEE: PEOPLE V. GARCEAN 1993 6 4th 140 182 24 CR 2d 664.

## Expert Testimony From cal rules of Evidence

If scientific, techical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill experience training, or education, may testify there to in the form of an opinion or otherwise.

When scientific, technical,or other specialiized knowledge will be helpfull to the trier in evaluating facts intelligently, the traditional method of supplying data of this nature is the introduction of an ppinion of an expert witness.

The opinion of expert must be supported by an adeqate foundation of relevant facts,Data, or opinions. Absence of such a foundation requires the striking of the experts opinion as based on conjecture or speculation.

## The Fry Test.  General Acceptance of Scientific principles.

When a scientific fact is offered as substantive evidence or as forming the base of an expert opinion the reliability of the scientific fact derived from a scientific principle generally depends on the following factor.

(1) The validity of the under-lying scientific principle.

(2) The validity of the technique or process that applies the principle.

(3)The condition of any instrument used un the process.

(4) Adherence to proper procedures.

(5) The qualification of the person who performs the test.

(6) The qualification of the person who interprets the results.

Imposition of the Fry test serves to,

(1) Insure that a minimal reserve of experts exists who can critically  examine the valiidity of a scienti

fic determination in a particular case,

(2) Promote a degree of uniformity of decision.

(3) Aviod the interjection of a time consuming and often misleading determination of the reliability

of a scientific technique unto the litigation.

(4) Assure that scientific evidence introduced will be reliable and thus relevant.

(5) Provide a preliminary sceening to protect against the natural inclination of the jury to assign

significant weight to scientific techniques presented under circumstances where the trier of fact is in a poor

position to place an accurate evaluation upon reliability.

(6) Impose a threshold standard of reliability in light of the fact that cross-examination by

opposing counsel is unlikely to bring inaccuracies to the attention of the jury.

People v,Kelly Frye(1976) 17  C3rd 24, 30, 130

People v, Jackson (1996 13 C4th 1164 1212

SEE, Expert testimony cal expert witness guide 2nd ED cal le 1991 cal criminal pro 31,13.



1   During trial proceeding without any objection from counsel, a lab

2   report was admitted into evidence . The superior court of california county

3   of Los Angeles allowed the introdution of a expert report with out testimony

4   to authenticate the report violated petitioners right to confrontation under

5   the sixth amendment also with out validitating the testing process

6   SEE people V VERNELL WIGGLEWORTH 49 f,3rd p. 580,581 582 Admissibility

7   of lab report. Discussion p.580 provides in relevant part in all prosecution

8   under the controlled substance Act. Involving controled  substance and its

9   analysis.

10   (8) Retained counsel was ineffective in failing to adequatly prepare for

11   trial and consequently in conducting trial. Counsels' ineffectuveness

12   prejudiced defendants right to effective assistance and a fair trial.

13   This issue as applied to this case, relieved the state of its burden to

14   prove beyond a reasonable doubt all elements of the crime with which petition

15   was charged. .  . The proper standard for judging an attorney's performance is

16   that of reasonable effective assistance, considering the circumstances.

17   at the same time, even when no theory of defense is available,if the decision

18   to stand trial has been made, counsel must hold the prosecution to it's

19   heavy burden of proof beyond a reasonable doubt.. SEE STICKLAND V. WASHINGTON

20   80 l.ed 2nd p.674  also see HARRISON P. CHRONIC 80 l.Ed. 2nd 657.

21   Petition would like to state for the record in this writ;

22   Counsel's Omission's Incompetence,and failure to provide adeqate assistance

23   is probly do to him being at the age of 92 during the time at trial.

24   Counsel could not have been competent and alert sharp enought to stand trial;

25   THE TRIAL JUDGE HAS A DUTY TO PROTECT THE DEFENDANTS RIGHT TO A ATTORNEY

26   WHO IS EFFECTIVE. SMITH V.SUPERIOR COURT (1968) 68 cal 2nd 547,559.

27   Counsel appeared to have problems with his hearing and other
     medical issues that are unnone to this petitioner. Now deceased.



OURT PAPER
IATE OF CALIFORNIA
ID. 113 (REV. 3-95)
3P 98 10924

1       CONT FOUR OF SIX

2    THE EVIDENCE CONCERNING THIS STIPULATION ON PART OF

3    PETITIONER'S TRIAL ATTORNEY,AND THIS CRIMINALIST FROM

4    THE LOS ANGELES POLICE DEPARTMENT,DOE'S VOLATE THE SIX

5    AMENDMENT CONFRONTATION CLAUSE. PETITIONER DID CLAIM

6    INEFFECTIVE ASSISTANCE ON COUNSEL'S PART.

7

8    CONFRONTATION CLAUSE SIX AMENDMENT: PROVIDES A CRIMINAL DEFENDANT THE

9    RIGHT TO DIRECLY ENCOUTER ADVERSE WITNESSES. 35 GEOG L.J ANN

10   REV CRIMINAL PROC. (2006) P. 618

11   WHEN CROSS-EXAMINING A WITNESS,THE DEFENDANT MUST BE PERMITT

12   ED TO TEST BOTH THE WITNESS'S CREDIBILITY AND THE WITNESS

13   KNOWLEDGE OF FACTS BEARING ON THE DEFENDANTS GUILT OR

14   INNOCENCE. SIX AMEND VOILATION

15   ALSO SEE: PEOPLE V. VERNELL WIGGLEWORTH 49. F .3rd P. 580,

16   581 DISCUSSION ABMISSIBILITY OF THE LAB REPORT.

17

18

19

20

21

22

23

24

25

26

27



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

CONT FOUR OF SIX    FOUR OF SIX

1

2    CAL CRIMINL LAW PROCEDURE SEVENTH EDITION P. 3124

3    AN OFFER TO STIPULATE TO AN ELEMENT OF A CRIME OR AN AFFIRMATIVE DEFENCE

    BY PARTIES DOES NOT NECESSARILY PRECLUDE THE PARTY WITH THE BURDEN FROM

4    PRESENTING EVIDENCE OF FACTS THAT PROVE THE ELEMENTS IN QUESTION.

5    PEOPLE V. SCHEID 1997 16 4th p.1,17,65 CR 2d 348

6    PEOPLE V. ARIES 1996 13 4th 92, 131 51 CR 2d 770

    PEOPLE V. EDELBACCHER 1989 47 3d 983 1007,254 CR 586

7

8    CRIMINAL LAW PROMISE AND PRATICE P.11.27 D.EVIDENCE FAVORABLE TO AN ACCUSED

9    (BRADEY DISCOVERY) DUE PROCESS REQUIRES THE DISCLOSESURE TO THE DEFENDANT

    OF EVIDENCE FAVORABLE TO AN ACCUSED THAT IS MATERIAL EITHER TO GUILT OR

10    TO PUNISHMENT BRADY V. MARYLAND (1963) 373 u.s 83,87 83 S CT 1194, 1196

11    10 L ED 2d 215,218

12    IZAZAGA V. SUPERIOR COURT (1991) 54 cal 3rd 356,378 285 CR 231,245

13    EVIDENCE IS MATERIAL IF IT UNDERMINES CONFIDENCE IN THE OUTCOME, IE

    IF IT MAY MAKE THE DIFFERENCE BETWEEN CONVICTION AND ACQUITTAL IF USED

14    EFFECTIVELY. U.S V. BAGLEY (1985) 473 US 667,676 105 sct 3375 3380,

15    led 2d 481,490

16    (11.28 VI POST JUDGMENT DISCOVERY)

17    THE DUTY OF A PROSECUTOR TO DISCLOSE SUBSTANTIAL MATERIAL EVIDENCE

    FAVORABLE TO THE ACCUSED EVEN WITHOUT A REQUEST DOES NOT END WHEN THE

18    TRIAL IS OVER. PEOPLEV. GARCIA 1993 17 cal 4th 1169,92 CR2d 545.

19

20    THE ABOVE CASE LAW IS PERTAINING TO THE NATURE OF THIS SUBSTANCE.

    THE QUALIFICATION OF THE PERSON WHO PERFORMS THE TEST.

21    THE QUALIFICATION OF THE PERSON WHO INTERPRETS THE RESULTS.

22    ADHERENCE TO PROPER PROCEDURES. INGENERAL THE FRY TEST.

23

24    BASED UPON THESE ISSUSES,IF THE RECORD DOES NOT SHOW ANY FACTS

    REGUARDING THESE ISSUSES THE EVIDENCE AGAIN IS INSUFFICIENT

25    AND THIS MATTER SHOULD BE REVERSED OR REMANDED FOR A NEW TRIAL.

26

27    I MARIO,WILLIAMS

    DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS

    OF CALIFORNIA, THAT THE FORGOING IS TRUE AND CORRECT.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

EXECUTED ON    Mario, William
MARIO,WILLIAMS

7. Ground  or Ground  3  *(if applicable):*

PETITIONER CLAIMS PROSECUTION MISCONDUCT

a. Supporting facts:

Petitioner only seek to point out the falshood in this intire _matter.

Issues pretaining to BIANCA, ALSO KNOWN AS EDNA THOMPKINS, who in facted was the

person who comitted the crime but was released at the seen because she befriended

one of the officer's ,and had some kind of deal going on with this officer.

Counsel did investigate this issue. Goverments Error: Why was'nt EDNA,THOMPKINS

Arrested? NOR DID THE PROSECUTION HIMSELF DO ANY INVESTIGATION.TO THE QUESTION.

Issues concerning VALENZUELA, CO - DEFENDANT: Based upon the information from

BIANCA,documents with BIANCE'S statements and admittmenting to the crime,testimony

made by co- defendants parole officer, and other witnesses VALENZUELA did receive

a new trial and was granted a lesser sentence upon appeal, in exchange for a guilty

plea. This evidence is and can be classified as substantial material evidence

to mean evidence of such significance that with reasonable probability it could

effect the out come of the trial. Petitioner did not testifiy do to counsel advise;

had this petitioner testified, the out come of the trial would had changed.

In all the prosecution did not prove his case beyond the reasonable doubt standerd.

PETITIONER ACKNOWLEDGES THAT IT IS HARD TO PROVE A LIE OR THAT THESE OFFICERS

WERE LIEING. OFFICER SARAGUETA TESTIFIED IN AWAY ONLY TO AVOID ENTRAPMENT.

b. Supporting cases, rules, or other authority:

See: PEOPLE V. COOK (2006) 39 cal 4th 566, 606

See: JAMES,JACKSON V. VIRINA 99 s,ct 2781

DUE PROCESS REQUIRMENTS.                    CONT:

7. Ground **3** or Ground _3_ *(if applicable):*

PEITIONER CLAIM PROSECUTION MISCONDUCT

a. Supporting facts:

THE STANDARD FOR PROSECUTOR (MISCONDUCT) STATE AND FEDERAL.

Under state standard, conduct by a proscutor doe's not render a criminal trial

fundamentally unfair unless "it involves the use of deceptive or reprehensible

method's to attempt to persuade either the court or the jury. Conviction obtained

through use of false testimony known to be such by representative of the state

though not soliciting false evidence allows it to go uncorrected when it appears,

is a denial of DUE PROCESS U.S AMEND CONST 14th AMEND. This falshood bore upon

the prosecution's witnesses credibility rather than directly upon the petitioner'

s guilt.... A lie is a lie no matter what its subject and if it is in anyway

relevant to the case the prosecution has the responsibility and duty to correct

what he knows to be false and elicit the truth.

Petitioner claim the prosecution was aware of the falshood of this case and

the numerous inconsistencies, for he was in agreement with co-defendant's

attorney to strike the testimony of officer RUBACAVA, and stated in his closing

argument "well we do have some consistencies here". Officer RUBACAVA'S and

Officer Curry both testified they saw what appeared to be a solid off white

substance, and later during trial they stated they did not know what they saw.

This is one of the more inconsistencies that proceeded through out the trial.

b. Supporting cases, rules, or other authority:

See: MULTI 2 ARREST REPORT INVESTIGATION.

See: NAPUE V. ILLINIOUS S.CT 1173 L.ED 2nd 1217 const Law Due Process of law

See: In Re PRATT (1980) 112 CA 3d 795, 862, 170 CR 80 WRITS IN CAL STATE COURTS.

See: In Re WRIGHT(1978) 78 cal 3d 788, 144 CR 535.

See: PEOPLE V. LEDESMA (2006) 39 cal 4th 641, 681

See: PEOPLE V. ESPINZA ( 1992) 3 cal 4th 806,820; See:PEOPLE V. COOK (2006) CONT

**PETITION FOR WRIT OF HABEAS CORPUS**

ADDITION POINT"S AND ATHORTY"S



*11 of six*
*Ground 3*

Deering Penal Cal.
§1473 B-1 2 C. 2. 123-138
Writs Cal 2.119 False Evidence

---

§ 1473 (A) Every person lawfully imprisoned or restrained of his liberty may prosecute a Writ.
(B) A writ of habeas copus may be prosecuted for but not limited to the following reason;
(1) False evidence that is substantially Material or probative on the issue of guilt or punishment was introduced against a person at any hearing or trial relating to his incarceration or,
(C) Any allegation that the prosecution knew or should have known of false nature of the evidence,( WRITS IN CAL STATE COURTS)
 P.302 2.120 c 1473 (B) Its no longer necessary for petitioner to establish that the prosecution knew or should have known the evidence was false, Pen c 1473 (C) Although discovery of perjured testimony almost always results from discovery of new evidence,it constitues distinct gronnds for habeas corpus relief subject to different legal standards.
INre PRATT (1980) 112 ca 3d 795,862,170 cr 80.
INre wright  (1978) 78 cal 3d, 788, 144 cr 535.]


Deerings cal codes pen 1321-1538.5
Defendants Fundamental right to hold that effective possibility of appealing conviction was properly taken away because of failure on part of offical of trial court,and appeals Attorney to comply with law. PEOPLE V SERRATO (1965) 238 ca 2d 112,47 cal rptr 543. 1404 n 160 E APPEAL P.291.

Neglecting to prepare Transcipts
Denieds effective presentation of appeal.

CON'T FOUR OF SIX

1    Petitioner claim if co-defendant VALENZUEL, received a new trial

2    base upon evidence from witnesses if these documents and out of court

3    statments did have an effect upon this case.All evidence should apply

4    to petitioner also. This case was corrupt by the goverments official

5    the evidence; the police report is falsified.Base Upon this overall case

6    pètitioner ask that the HONORABLE HARVEY GISS, GUDGE PRESIDING,

7    reconsider his verdict and remand the case for a new trial.

8    If the record show all these issues are true, than this matter

9    should be reversed. Petitioner pray that the courts reveiw this matter

10   because i am with out the transcripts.

11

12                    I MARIO,WILLIAMS

13                          DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS

14                    OF CALIFORNIA, THAT THE FOREGOING IS TRUE AND CORRECT.

15                                                      

16                    EXECUTED ON $6/19/07$        MARIO,WILLIAMS

17

18

19

20

21

22

23

24

25

26

27

Additional Rules of law

Ground 2

1  A number of courts hold that even stipulation of the parties can

2  not make certain Scientific evidence Admissible.

3  SEE STATE V. WILLIAMS 388 A. 2d 500 (1998).

4  United STATES V. WILLIAMS 583 F. 2d 1194 2d cir 1978 Evid.st fed

5  p.23.

6  Counsels Failure to Investigate.

7  In particular, if the record shows that "counsel has failed to reseach

8  the law or investigate the fact in the manner of a diligent and
conscientious advocate the conviction should be reversed since the

9  petitioner has been deprived of Adequate assistance of counsel.

10  SEE LEDESMA, SUPRA, AT P. 215.

11  CAL CRIMINAL LAW PROCEDURE&& PRACTICE. FOURTH EDITION.

12  Ground found Sufficient to require Reversal.

13  INEFFECTIVE REPRESENTATION ON APPEAL.

14  IN RE BANKS  (1971) 4 c3rd 337, 93 cr 5911.

15  FAILURE TO INVESTIGATE ADEQUATELY (PEOPLEVV. MINOR.

16  (1980 104 ca 3d 194 200, 163 cr 501, 504.

17  SEE ATTACTHED DOCUMENTATION OF REFERANCE MATERIAL USED TO

18  EXAUST LEGAL REMEDIES IN THE AFORE MENTIONED CASE DOCUMENTION;

19  AS WELL AS, THE LACK OF IN PROPER REPERSENTION BY BOTH TRIAL

20  & APPEALAT ATTORNEYS THAT HAVE FAILED TO ADEQUATLY PROVIDE

21  LEGAL TRANSCRIPTS & PROPER DOCUMENTATION IN THE AFORE MENTIONE

22  D CASE.

INSUFFICIENCT EVIDENCE

23

24  SEE: PEOPLE V. MARVIN LEE ADAMS 220 cal app 3rd 680 269 cal RPTR
479 MAY 8 1990)

25  SEE: PEOPLE V. VERNELL WIGGLEWORTH 49. F3rd p. 580,581

26  DISCUSSION ABMISSIBILITY OF THE LAB REPORT.

27  THE COURT: WE CANNOT DECIDE THIS QUESTION BECAUSE WE CANT TELL FROM
THE RECORD BEFORE USE WHAT TEST WAS PERFORMED TO DETERMINE THE PRESENC
E OF COCAINE IN THE SAMPLE NOR DO WE KNOW WHEATHER THE REPORT RECORDED
SIMPLY THE OBJECTIVE RESULTS OF A ROUTINE TEST OR DEPENDENT UPON
SOME SUJECTIVE EVALUATION. CONSTITUTIONAL LAW CRIMINAL LAW 307.



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1    ADDITIONAL POINTS IN LAW

2    CONT P. FOUR OF SIX

3            TO THE COURT IN REVEIWING THIS MATTER

4    PETITIONER IN THIS FORGOING MATTER HAS BEEN DEPRIVED THE FUNDAMENTAL

5    RIGHT TO HOLD THAT EFFECTIVE POSSIBILITY OF APPEALING CONVICTION
     WAS TAKEN AWAY BECAUSE OF FAILURE ON PART OF OFFICIAL OF COURT CLERK

6    TO COMPLY WITH LAW. FAILURING TO PROVIDE COURT TRANSCIPTS AND OTHER

7    DOCUMENTS.

     SEE:PEOPLE V. SERRATO (1965) 238 cal 2nd 112,47 cal RPTR 543

8

9    ALSO: THE COURTS DENYING THIS WRIT OF HABEAS CORPUS

10   THE REASON FOR DENYAL IS UNAVAILABLE PETITIONER CAN NOT RESPOND.

11

12                   I MARIO,WILLIAMS

13             DECLARE UNDER PENALTY OF PERJURY, UNDER THE

14       LAWS OF THE STATE OF CALIFORNIA,THAT THE FOREGOING

15       IS TRUE AND CORRECT.

16                   EXECUTE ON  6/19/07

17                                

18                              MARIO,WILLIAMS

19

20

21

22

23

24

25

26

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1   MARIO,WILLIAMS

2   P,O BOX 7500 CRESENT CITY,

3   CA 95532 P.B.S.P M-F 2 117low

4

5   IN PROPRIA PERSONA

6

7            Ninth Circuit Court of Appeals

8        IN AND FOR THE COUNTY OF San Francisco, CA

9

10  MARIO, WILLIAMS DEFENDENDANT    )    No. _07-8021 3_
                                    )
11                                  )    MOTION FOR APPOINTMENT OF COUNSEL
                                    )
12         VS.                      )
                                    )
13   v.                             )
                                    )
14   ROBERT A, HOREL               ,)
                                    )
15              WARDEN             _)
                                    )
16

17 DEFENDANT, Mario,Williams                    , moves in this court for an

18 order appointing legal counsel, attorney-at-law, a member of the California Bar,

19 to represent Defendant because he cannot afford to employ an attorney. This

20 motion is based upon Defendant's affidavit in support of his motion for leave

21 to proceed in forma pauperis and for appointment of counsel.

22 There is good cause submitted in Defendant's petition before the court for

23 relief he seeks with the appointment of a legal attorney to grant the petition

24 with appointment of counsel as Defendant is only a layman in law.

25

26 DATED: _12/19/07_                    Mario, Williams

27                                    DEFENDANT IN PROPRIA PERSONA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

|                          |   |                      |
|--------------------------|---|----------------------|
|                          | ) | Case No. PA050223    |
| In re MARIO WILLIAMS,    | ) |                      |
|                          | ) | **ORDER DENYING**    |
| Petitioner,              | ) | **WRIT OF**          |
|                          | ) | **HABEAS CORPUS**    |
|                          | ) |                      |
| On Habeas Corpus.        | ) |                      |
|                          | ) |                      |

    The court has read and considered the petition for writ of habeas corpus filed on January 25, 2007. The thrust of petitioner's claim is that he received ineffective assistance of counsel. For the reasons stated below, the petition is denied.

    This was not a complicated case. According to the testimony, the case arose from a Los Angeles Police Department narcotics sting operation in December 2004. L.A.P.D. officer Saragueta, who was working in street clothes, approached petitioner and asked for a "hook-up," street vernacular for a narcotics purchase. After determining that the officer wanted twenty dollars worth of cocaine, petitioner led the officer to another location where he pointed to two people (one of whom was the co-defendant). Petitioner told the officer, "I'm going to go get it from them," and requested the twenty dollars from the officer. Petitioner took the money, made contact with the co-defendant, returned to Saragueta, and handed him several items resembling rock cocaine. The transaction was observed by undercover officers Rubalcava and Curry. Petitioner was arrested and charged with violating Health and Safety Code section 11352(a).

    The parties waived jury and the case was tried by the court in June 2005. Saragueta, Rubalcava and Curry testified as prosecution witnesses. The parties stipulated that the substance Saragueta received from petitioner was analyzed by an L.A.P.D. criminalist and was determined to be cocaine base. Petitioner did not testify and did not call any witnesses. The court found petitioner and the co-defendant guilty of selling cocaine, in violation of Health and Safety Code section 11352 (a). The court also found

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIO WILLIAMS,<br><br>    Defendant and Appellant. | B184335<br><br>(Los Angeles County<br>Super. Ct. No. PA050223)<br><br>**COURT OF APPEAL · SECOND DIST.**<br>**FILED**<br>JAN 3 0 2006<br>**JOSEPH A. LANE**                    Clerk<br>                                    Deputy Clerk |

APPEAL from a judgment of the Superior Court of Los Angeles County. Harvey Giss, Judge. Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

COURT OF APPEAL - SECOND DIST.

# F I L E D

MAY 3 1 2007

JOSEPH A. LANE _____ Clerk

F. McQUINTROCK _____ Deputy Clerk

In re

MARIO WILLIAMS

on Habeas Corpus.

B199335

(Super. Ct. No. PA050223)

(Harvey Giss, Judge)

ORDER

THE COURT*:

The petition for writ of habeas corpus filed herein May 29, 2007 has been read and considered. The petition is denied.

_____          _____          _____
*PERLUSS, P.J.,              WOODS, J.,                  ZELON, J.

S153768

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re MARIO WILLIAMS on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

NOV **2 8** 2007

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**

Chief Justice

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 11/08/06

------------------------------------------------------------------------
CASE NO. PA050223

THE PEOPLE OF THE STATE OF CALIFORNIA
                      VS.
DEFENDANT 01:  MARIO  WILLIAMS

------------------------------------------------------------------------

INFORMATION FILED ON 02/08/05.


COUNT 01: 11352(A) H&S FEL - SELL/TRANSPRT CONTRL SUBSTANCE.


ON 11/08/06 AT  830 AM  IN NORTH VALLEY DISTRICT DEPT NVI

CASE CALLED FOR MOTION

THIS IS A SECOND STRIKE CASE.

PARTIES: HARVEY GISS (JUDGE) JENNIFER E. JACKSON (CLERK)
         NONE     (REP) NONE (DDA)

DEFENDANT IS NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

THE MOTION FOR "PRODUCTION OF TRANSCRIPTS AND DOCUMENTS" IS
DENIED.  THE MOVING PARTY HAD APPELLATE COUNSEL AND CAN SEEK
"TRANSCRIPTS AND DOCUMENTS" FROM APPELLATE COUNSEL.  SAID
"TRANSCRIPTS AND DOCUMENTS" WERE EMPLOYED TO ARGUE THE MOVING
PARTY'S UNSUCCESSFUL APPEAL BEFORE THE SECOND APPELLATE

DISCTRICT, DIVISION SEVEN.

A TRUE COPY OF THIS MINUTE ORDER IS SENT VIA U.S. MAIL
ADDRESSED AS FOLLOWS:

     MARIO WILLIAMS
     J-98382 DORM SD-4716-U
     SUSANVILLE, CA 96127-2400

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED

                                    MOTION
                PAGE NO.   1        HEARING DATE: 11/08/06

PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY CA. 95532-7500


RE: REQUEST FOR DOCUMENTS


    I am writing to request the following documentation needed in seeking

extraordinary writ relief via petition for writ of habeas corpus.  Thus,

complying with the prerequisites of requesting the following documentation

informally, before seeking a court order, and or enforcement of this

request by the California State Bar Association. Under Rules of Professional

conduct Rule 3-700(D); Under California Rules of Criminal Discovery;

California Penal Code section(s) 1054.5 and 1054.3(a) through (b),and

1054.6; and in Evidence Code section 911(b)(c);Code of Civil Procedure

section 2017(a),2018 (a) through (f); 2031.


    THE FOLLOWING DOCUMENTATION IS REQUESTED:

    1.  Private investigators reports, all reports submitted by investigator
        assigned to investigate case.

    2.  Documentation, instructions to private investigator as to what
        trial counsel instructed investigator to do, or what lead to follow.

    3.  Names of people who were contacted by investigator as possible
        defense witnesses.  Reports of those conversations and dates contacted.

    4.  Notes writted by trial counsel when interviewing defendant at the
        county jail.

    5.  Any and all work product, documents pertaining to case: trial
        file, including preliminary hearing transcripts.

    6.  Pretrial discovery such as finger print findings, and reports, and
        any other discovery presented to the defense.

    7.  Any and all transcribed recorded statements turned over to the
        trial attorney.

REQUEST FOR ATTORNEY WORK PRODUCT PAGE 1 of 2

The investigative files and reports are necessary documents essential to my preparation and prosecution of a writ of habeas corpus. Please provide a copy of all the files and reports which I have requested or an explanation for your failure to do so within (15) working days of the date on which you recieve this request. Please forward the requested documents to the following address.

MAILING ADDRESS

PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY CA. 95532

Respectfully,

*Marti, William*

NOTE: If your attorney fails to answer within (15) days file a complaint with the State Bar of California, because you are entitled to these documents under Rule 3-700(D) rules of proféssional conduct.

MAIL COMPLAINT TO:

OFFICE OF THE CHIEF TRIAL COUNSEL/INTAKE

STATE BAR OF CALIFORNIA

1149 SOUTH HILL st

LOS ANGELES CALIFORNIA 90015-2299

OR

180 HOWARD st
SAN FRANCISCO CALIFORNIA 94105-1639

OR

1201 K STREET ste #720
SACRAMENTO CA. 95814

September 27th, 2006


Mario Williams    J-98382
California Correctional Center
P.O. Box 2400    SD-4710-U
Susanville, California
                96127-2400


Law Office of Simons & Koester
ATTN: Mr. James Koester, ESQ.
3055 Wilshire Blvd.    12th Floor
LOs Angeles, California
                90010


RE:  Appeal No: B-18435
     Trial Court:  PA-050223


Dear Mr. Koester,

        THis is a request for the case file, and work product generated
from the trial attorney, Mr. Mel la valley. I am in need of the case file to
raise an issue that is outside the apelate record. Please give priority to this
request due to a limited time frame. This is my second request attempt to get
this information. I thank you for your atention to this letter and your most
anticipated cooperation on this matter.


truly yours,


Mario Williams

**SUSPECT 1: WILLIAMS, MARIO**    CHARGE: 182PC/11352 H&S  BKG: 8387973

**SUSPECT 2: VALENZUELA, OSCAR**    CHARGE: 182PC/11352H&S   BKG: 8387939

### NARCOTICS DIVISION BUY TEAM
Detective II Mossman #24281
Detective II Kanchanamongkol #30772
Officer Barillas #34841
Officer DeRosier #35209
Officer Saragueta #32806
Officer Curry #34967
Officer Rubalcava #35327
Officer Diaz #27680
Officer Zavala #33760
Officer Suviate #35376
Officer Vizcarra #33291

### DEVONSHIRE OFFICERS
Sgt. Kessler #25418
Officer Verna #35247
Officer Clymer #35204
Officer Riggs #35174
Officer Pikor #35384
Officer Sawada #35525
Officer Vega #34248
Officer Emerick #31560
Officer Ruvalcaba #35949

### SOURCE OF ACTIVITY
On 12-15-04 at approximately 2050 hours, I Officer Saragueta #32806 was in plain clothes working a buy-bust task force in conjunction with the Devonshire Gang Unit. I was wearing a one-way wire transmitter for officer safety.

**Detective II Mossman and Detective II Kanchanamongkol were monitoring the wire during this buy-bust operation.**

### INVESTIGATION
I went to the northwest corner of Columbus and Parthenia. I met with a male Black later identified as Suspect 1 Williams. I asked him "Do you have the hook up?" (Referring to selling narcotics) Suspect 1 Williams asked me "What do you want?" I told him I wanted a "twenty." (Referring to $20 worth of rock cocaine.) Suspect Williams stated, "Let's go," and we walked north. Suspect Williams asked me if I knew the people ahead of us and I told him "no." I observed a female Black and a male Hispanic in front of us. Suspect 1 Williams asked me for my money and told me he was going to get my twenty from them. I gave Suspect Williams a prerecorded $20 bill and he told me to wait because they do not know me. Suspect 1 Williams walked north and met with the male Hispanic later identified as Suspect 2 Valenzuela. I later spoke to Officer Curry and Officer Rubalcava who stated they observed Suspect 2 Valenzuela hand Suspect

1 Williams several small solids resembling rock cocaine. Suspect 1 Williams then walked away south towards me. Officer Rubalcava walked by Suspect 2 Valenzuela after the exchange and observed him holding an off white solid resembling rock cocaine in his open right palm.

Suspect 1 Williams walked directly to me and handed me several small off white solids resembling rock cocaine (Item 1). I accepted Item 1 and walked away notifying my partners of the narcotics transaction between Suspect 1 and 2 and myself.

I later spoke to Officer Suviate, Officer Zavala, Officer Barillas who told me they observed the narcotics transaction between Suspect 1 Williams and myself. Officer Vizcarra directed uniformed Officers to arrest Suspect 1 Williams. Officer Rubalcava directed uniformed Officers to Suspect 2 Valenzuela.

Officers Riggs and Pikor arrested Suspect 1 Williams in front of 8919 Columbus. Officers Sawada and Emerick arrested Suspect 2 Valenzuela also in front of 8919 Columbus. Officer Riggs recovered a cocaine pipe (Item 2) from Suspect Williams' right shoe. Officer Sawada recovered a $20 bill from Suspect 2 Valenzuela's left lower jacket pocket. Detective Kanchanamongkol verified the $20 bill to be the same prerecorded $20 bill I gave to Suspect 1 Williams.

Officers never lost sight of either Suspect, nor did the Suspects meet with any other individuals. (other than myself) Based on my training and experience and the above-described interaction with both Suspects, I formed the opinion that both Suspects were working in concert to sell rock cocaine.



I positively identified both Suspects at the scene of arrest.

## ARREST
Both Suspects were arrested for 182 PC/11352 H&S Conspiracy to Sell Rock Cocaine.

## INJURY AND MEDICAL TREATMENT
Not Applicable.

## BOOKING
Both Suspects were booked on the above charge on the advice of Detective Kanchanamongkol and the approval of Sgt. Majorie #21865 at Devonshire Jail.

## EVIDENCE
All evidence was booked by myself. See **Property Report.**

## ADDITIONAL
Both Suspects are currently on active parole.

## COURT INFORMATION
Detective II Mossman and Detective II Kanchanamongkol were monitoring the wire during this buy-bust operation.

*[Not to be used for multiple count convictions or for 1/3 consecutive sentences]*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: LOS ANGELES, NORTH VALLEY DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs. DEFENDANT: WILLIAMS, MARIO | DOB: 08-11-61 |
| AKA: | |
| CII# A05769066 | |
| BOOKING #: 8387973 | ☐ NOT PRESENT |

| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | 12-16-05 | ☒ AMENDED ABSTRACT |
|---|---|---|

| DATE OF HEARING 06-22-05 | DEPT. NO. NV-I | JUDGE HARVEY GISS |
|---|---|---|
| CLERK A. ARBUCKLE | REPORTER E. SMITH | PROBATION NO. OR PROBATION OFFICER X-063556 |
| COUNSEL FOR PEOPLE B. CHAN CHEN DA | | COUNSEL FOR DEFENDANT M. LA VALLEY BAR PANEL ATTY ☐ APPT'D. |

**1. Defendant was convicted of the commission of the following felony:**

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY JURY | CONVICTED BY COURT | CONVICTED BY PLEA | TERM (L, M, U) | TIME IMPOSED YRS. | TIME IMPOSED MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | 11352(A), | SELL/TRANSPRT CONTRL SUBSTANCE | 04 | 06-22-05 | | X | | M | 4 | 0 |

**2.** ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

**3.** ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 11370.2(A) HS | 3 | 667.5(B) PC | 1 | 667.5(B) PC | 1 | 667.5(B) PC | S, | 5 / 0 |

**4.** ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

**5.** FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

Restitution Fine(s): $1200 per PC 1202.4(b) forthwith per PC 2085.5; $1200 per PC 1202.45 suspended unless parole is revoked.

Restitution per PC 1202.4(f): ☐ $_____ / ☐ Amount to be determined to ☐ victim(s)* ☐ Restitution Fund
(*List victim name(s) if known and amount breakdown in item 7 below.)

Fine(s): $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

Lab Fee: $50 per HS 11372.5(a) for counts 1. ☐ Drug Program Fee of $150 per HS 11372.7(a).

**6.** TESTING: a. ☐ AIDS pursuant to PC 1202.1    b. ☐ DNA pursuant to PC 296    c. ☐ other *(specify):*

**7.** Other orders *(specify):* PAY $20.00 COURT SECURITY ASSESSMENT (PER 1465.8(A)(1) P.C.). PLUS $85.00 PER 1464 PC & 76000 GOVT. CODE. COURT ORDERS DEF. PROVIDE 2 SPECIMENS OF BLOOD, SALIVA SAMPLE, RIGHT THUMBPRINT& FULL PALM PRINT IMPRESSION EACH HAND FOR LAW I.D. ANALYSIS. REG. AS CONVICTED NARCOTICS OFFENDER, CARRY PROOF OF REG. ALL TIMES, DISPLAY REG. TO ANY LAW OFFCR.

| 8. | TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM: | 9, | 0 |
|---|---|---|---|

**9.** ☐ This sentence is to run concurrent with *(specify):*

**10.** Execution of sentence imposed
   a. ☒ at initial sentencing hearing.
   b. ☐ at resentencing per decision on appeal.
   c. ☐ after revocation of probation.
   d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   e. ☐ other *(specify):*

| 11. | DATE SENTENCE PRONOUNCED 06-22-05 | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS 284 | ACTUAL LOCAL TIME 190 | LOCAL CONDUCT CREDITS 94 | ☐ 4019 ☐ 2933.1 | TIME SERVED IN STATE INSTITUTION: | DMH | CDC | CRC |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | INCLUDING: | | | | | | | |

**12.** The defendant is remanded to the custody of the sheriff ☒ forthwith ☒ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to ☒ the reception center designated by the director of the California Department of Corrections.
   ☐ other *(specify):*

**CLERK OF THE COURT:** I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE M. LAGUNAS | DATE |
|---|---|

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments that may be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
CR-290.1 (Rev. January 1, 2003)

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE**
**SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM**

Penal Code,
§§ 1170,1213, 1213.5

1　　MARIO WILLIAMS J-98382

2　　P.O. BOX 7500 CRESCENT CITY,CA

3　　95532 P.B.S.P. MF2-117Low

4

5　　　　　　　　　　　　　　　　　Ninth Circuit Court Of Appeals

6　　　　　　　　　　　　　　　　　U.S. Court Of Appeals Building

7　　　　　　　　　　　　　　　　　95 7th Street,

8　　　　　　　　　　　　　　　　　P.O. Box 193939

9　　In Re: Mario Williams　　)　San Francisco, CA 94119
　　　　　　　　　　　　　　　)
10　　　　　　　vs.　　　　　　)
　　　　　　　　　　　　　　　)
11　　Robert, A, Horel Warden　)　　　No.　S153768
　　　　　　　　　　　　　　　)
12　_____ )　　MOTION FOR REVEIW

13　In this case, I the Petitioner in the matter set before this Honorable Court

14　has exhausted all State remedies, therefore, Petitioner pray that this Honorable

15　Court who oversees this matter will subpoena all available transcripts for

16　review of the issues raised in petitioners writ.

17　I Petitioner contend that I did recieve inneffective assistance of trial

18　counsel. In violation of the Sixth Ammendment.and other issues which pertain to

19　prosecution misconduct, falsified evidence in violation of the Fourteenth

20　Ammendment. The Petitioner also contends that the evidence concerning the

21　substance is insuffcient and should not sustain the conviction.

22　SEE: Highlighted Leading Cases In The Writ Refering To This Matter.

23　If I may, I would like to ask the Honorable Court to supply Petitioner with an

24　Attorney to assist me with this matter for I have only limited supply of legal

25　material and knowledge of the law.

26　　　　　　　　　　　　　　　Date 12/19/07

27　　　　　　　　　　　　　　　Sincerely

28　　　　　　　　　　　　　　　Mario Williams

1

## CONCLUSION

2    In conclusion to this motion, I Petitioner would like to contend if any

3    issues raised in this matter are found to be true, upon the Honorable

4    Courts Review, that Petitioner be granted relief in the Interest Of Justice.

5    For the Petitioner was denied legal transcripts from the courts upon a

6    motion file requesting transcripts from the County Clerk in Los Angeles

7    County.

8    SEE: Attach Documents Denying Petitioner Legal Transcripts.

9    This issue enabled Petitioner to adequately prepare this writ for the courts.

10    SEE: Available Case Law Concerning The Issue In The Writ.

11    I Petitioner do contend under the penalty of perjury that these issues

12    raised are the exact issues raised in all State Courts and that this is a

13    true copy of the writ filed to The Supreme Court Of California.

14                                   Sincerely,

15                                   Mario Williams

16                                   Date: 12/19/07

17

18

19

20

21

22

23

24

25

26

27




COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

12/17/07
DATE

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.   What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

| SUPERIOR COURT   LOS ANGELES | SANFERNANDO  COUNTY |
|---|---|
| Court | Location |

(b)   Case number, if known __PA050223__
(c)   Date and terms of sentence __6-22-05  9 Years__
(d)   Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) (Yes)   No

Where? __Pelican Bay State Prison   P.O BOX 7500 Cresent City,CA 95532__
　　　　(Name of Institution)　　　　　　　　　　(Address)

2.   For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

CNT 1   HS SEC 11352 (A) SELL TRANSPRT CONRL  SUBSTANCE

3.   Did you have any of the following?

Arraignment: Yes X  No ___  Preliminary Hearing: Yes X No ___ Motion to Suppress: Yes X  No __

3

12|10|07
Date

4.    How did you plead?

Guilty _____    Not Guilty __X__    Nolo Contendere _____

Any other plea (specify) _____    NONE _____

5.    If you went to trial, what kind of trial did you have?

Jury _____    Judge alone __X__    Judge alone on a transcript _____

6.    Did you testify at your trial?   Yes __ No X

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment   Yes X     No
(b)    Preliminary hearing        Yes        No
(c)    Time of plea   Yes        No
(d)    Trial   Yes X     No
(e)    Sentencing   Yes X     No
(f)    Appeal   Yes        No
(g)    Other post-conviction proceeding    Yes        No

8.    Did you appeal your conviction?   Yes   No

(a)    If you did, to what court(s) did you appeal?

| Court of Appeal | Yes X | No | 2007 | DENIED |
| | | | (Year) | (Result) |
| Supreme Court of California | Yes X | No | 2007 | DENIED |
| | | | (Year) | (Result) |
| Any other court | Yes X | | @2007 | DENIED |
| | | | (Year) | (Result) |

(b)    If you appealed, were the grounds the same as those that you are raising in this petition?        Yes X  No

(c)    Was there an opinion?        Yes   No

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
        Yes        No

4